# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAJOR LEAGUE BASEBALL PLAYERS ASSOCIATION,<br><br>       Plaintiff,<br><br>      v.<br><br>WILLIAM ARROYO, NOAH ASSAD, and JONATHAN MIRANDA,<br><br>       Defendants. | Case No. 1:24-cv-3029<br><br>**COMPLAINT** |

This is an action to confirm and enforce an arbitration award pursuant to Chapter 1, Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9 and Section 301 of the Labor Management Relations Act, 29 U.S.C. §§ 185 *et seq*.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 and 29 U.S.C. § 185.

2. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332(a) because this lawsuit involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this District pursuant to 29 U.S.C. § 185(a) and 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff Major League Baseball Players Association ("Plaintiff" or "MLBPA") is an unincorporated New York association with a principal place of business at 12 E 49th Street, New York, New York 10017. The MLBPA regularly represents players in the Southern District of New York. Additionally, agents certified by the MLBPA, including Mr. Arroyo, regularly conduct business with the MLBPA, a New York-based entity.

5. Defendant William Arroyo is a certified General Agent with the agency Rimas Sports, which is located at 644 Ave. Fernandez Juncos, San Juan, Puerto Rico 00907. Mr. Arroyo routinely conducts business in New York, including as the former designated agent of Francisco Javier Álvarez and Ronny Mauricio, Major League Baseball players for the New York Mets. *See* CPLR § 302(a)(1) (a court may exercise personal jurisdiction over any non-domiciliary who, in

1

person or through an agent, transacts any business within the state or contracts anywhere to supply goods or services in the state).

6. Defendants Noah Assad and Jonathan Miranda are two senior executives of Rimas Sports, located at 644 Ave. Fernandez Juncos, San Juan, Puerto Rico 00907, and applicants for certification. Messrs. Assad and Miranda participated in the recruitment of Ronny Mauricio of the New York Mets, who ultimately signed with the agency in or around April 2022.

### FACTS

7. Pursuant to Article II of the 2022-2026 Basic Agreement between the MLB clubs and the MLBPA (the "Basic Agreement"), the MLBPA is the sole and exclusive collective bargaining representative for all MLB players.

8. Pursuant to Article IV of the Basic Agreement, the MLB clubs may only negotiate regarding a player's contract with an agent that has been certified by the MLBPA.

9. The parties are bound by the arbitration agreement in the MLBPA Regulations Governing Player Agents ("MLBPA Regulations" or "Regulations"). The Regulations are attached hereto as Exhibit A.

10. Section 7 of the Regulations states that:

"[t]he impartial, final and binding arbitration process provided in this Section shall be the exclusive method for resolving…[a]ll disputes between a Player Agent, Applicant, or Expert Agent Advisor or his or her employer or entity through which he or she conducts business or Agency or affiliated persons or entities, and the MLBPA, including but not limited to any appeal by a party aggrieved by an appealable decision of the MLBPA with respect to his or her certification or discipline.

*See* Ex. A, § 7.

11. Section 7(B) of the Regulations sets out the applicable procedures when a Certified Agent or Applicant for Certification is subject to discipline by the MLBPA. *See id.*, § 7(B).

12. Under § 7(B)(14) of the Regulations, the arbitration hearing is to be scheduled in New York City, or in such other city as the parties may agree upon. *See id.*, § 7(B)(14).

13. On April 10, 2024, the MLBPA issued a Notice of Discipline to Mr. Arroyo, a certified General Agent with Rimas Sports, and to Messrs. Assad and Miranda, two applicants for certification.

14. After detailing extensive, serious violations of the MLBPA Regulations, including those prohibiting inducements and unlawful recruiters and requiring cooperation with MLBPA investigations, the MLBPA revoked Mr. Arroyo's certification and denied certification to applicants Messrs. Assad and Miranda. As a result of their misconduct, Defendants were also jointly and severally ordered by the MLBPA to pay a fine of $400,000.

15. On April 15, 2024, Defendants attempted to file an appeal of the discipline imposed pursuant to § 7(B)(2) of the Regulations; and that same date, they sought a temporary restraining order ("TRO") staying such discipline from Arbitrator Michael Gottesman pursuant to § 7(B)(5) of the Regulations, pending resolution of their appeal.

16. By mutual agreement of Defendants and the MLBPA, the Defendants' motion for a TRO was heard by Arbitrator Gottesman via videoconference on April 15, 2024.

17. On April 17, 2024, the MLBPA submitted its written opposition to the TRO. That same day, Defendants submitted their written brief in support of the TRO.

18. On April 19, 2024, Arbitrator Michael Gottesman denied the TRO (the "Decision").

## COUNT I

### CONFIRMATION OF ARBITRATION DECISION

19. Plaintiff repeats and realleges paragraphs 1 through 18 hereof, as if set forth fully herein.

20. Arbitrator Gottesman issued the Decision in accordance with the MLBPA Regulations.

21. By reason of the foregoing, Plaintiff is entitled to confirmation and enforcement of the Decision and entry of judgment in conformity of the Decision pursuant to 9 U.S.C. § 9 and the Labor Management Relations Act, 29 U.S.C. § 185. *See Yahoo! Inc. v. Microsoft Corp.*, 983 F. Supp. 2d 310, 318–19 (S.D.N.Y. 2013) (confirming interim award and noting that if "an arbitral award of equitable relief based on irreparable harm is to have any meaning at all, the parties must be capable of enforcing or vacating it at the time it is made"); *see also NFL Mgmt. Council v. NFL Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016) ("a federal court's review of labor arbitration awards is narrowly circumscribed and highly deferential—indeed, among the most deferential in the law").

## PRAYER FOR RELIEF

**WHEREFORE**, the MLBPA respectfully requests that this Court enter an Order:

(a) Confirming the Decision; and

(b) Providing the MLBPA with such other and further relief as the Court deems proper.

Dated: April 22, 2024

Respectfully submitted,

**WINSTON & STRAWN LLP**

<u>/s/ *Jeffrey L. Kessler*</u>
Jeffrey L Kessler
David L. Greenspan
Jeffrey J. Amato
Sofia Arguello
200 Park Avenue
New York, New York 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
jkessler@winston.com
dgreenspan@winston.com
jamato@winston.com
sarguello@winston.com

*Counsel for the Major League Baseball Players Association*

5