```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/1/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
MAJOR LEAGUE BASEBALL PLAYERS :
ASSOCIATION, :
:
                        Plaintiff, :      24-cv-3029 (LJL)
:
      -v- :      MEMORANDUM AND
:      ORDER
WILLIAM ARROYO, NOAH ASSAD, and JONATHAN :
MIRANDA, :
:
                        Defendants. :
:
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Plaintiff moves, pursuant to Rule 2(H)(ii) of this Court's Individual Practices in Civil Cases, to "include narrowly tailored redactions" of certain exhibits filed in connection with Plaintiff's motion to confirm the arbitration decision and the reply in support of that motion. Dkt. Nos. 27 at 1, 31 at 1. Defendants take no position on Plaintiff's requests. Dkt. Nos. 27 at 2, 31 at 2.

      Plaintiff and Defendants initially moved to file several documents pertinent to the underlying arbitration entirely under seal. Dkt. Nos. 15 and 23. But the Court determined that those documents were "judicial documents" to which a strong presumption of public access attached, and that Plaintiff's private confidentiality policy did not provide a sufficient countervailing factor to justify insulating the documents from public scrutiny. *Id.* at 3, 5–7. Accordingly, the Court denied the parties' initial motions to seal without prejudice to the submission of renewed motions "with limited, targeted, and well-supported requests to seal." Dkt. No. 26 at 9.

Plaintiff's renewed motions to file certain exhibits subject to redactions are indeed limited, targeted, and well-supported.  Plaintiff no longer seeks to file the arbitrator's Decision under seal.  Dkt. No. 31 at 1 ("In light of the Sealing Order, the MLBPA is not renewing its request to seal the Decision.").  Instead, Plaintiff requests permission to file the Notice of Discipline and Notice of Appeal—as well as a transcript of a hearing on Defendants' motion for a temporary restraining order and supplemental letter motion submitted in connection with the proposed temporary restraining order—with narrow redactions.  Dkt. Nos. 27 at 1, 31 at 1.  Those redactions are limited to the names and identifying information of non-parties, including professional baseball players, their agents and agencies, and employees of Defendants' agency.  *See* Dkt. Nos. 27 at 1, 31 at 1.

Courts have consistently recognized that non-parties "have 'significant privacy interests' that favor redaction of identifying information."  *In re Google Digital Advert. Antitrust Litig.*, 2021 WL 4848758, at *5 (S.D.N.Y. Oct. 15, 2021); *see United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." (quoting *In re Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990))).[1]  Additionally, the identities of the individuals and entities Plaintiff seeks to redact "have no apparent bearing on any issue in this dispute."  *In re Google Digital Advert. Antitrust Litig.*, 2021 WL 4848758, at *5; *see also Coventry Cap. US LLC v. EEA Life Settlements, Inc.*, 2023 WL 2810660, at *3 (S.D.N.Y. Apr. 6, 2023) (granting a request to redact identifying information of non-parties "because this information appears to be tangential to the instant

---

[1] *Accord United States v. M/Y Amadea*, 2024 WL 2964867, at *1 (S.D.N.Y. June 12, 2024); *SEC v. Ripple Labs, Inc.*, 2022 WL 17751466, at *3 (S.D.N.Y. Dec. 19, 2022); *Martinez v. City of New York*, 2022 WL 17090292, at *2 (E.D.N.Y. June 8, 2022); *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021); *Giuffre v. Maxwell*, 2020 WL 4370961, at *1 (S.D.N.Y. July 30, 2020).

dispute"). As a result, the redactions will protect the non-parties' privacy interests while "enabling the public and press to assess . . . the basis for [the Court's] decision" on the merits of this dispute. *In re Savitt/Adler Litig.*, 1997 WL 797511, at *3 (N.D.N.Y. Dec. 23, 1997) (Pooler, J.); *cf. In re Sealed Search Warrant*, 2006 WL 3690639, at *4 (N.D.N.Y. Dec. 11, 2006) ("Redacting such information would not impair meaningful monitoring of the [Court's] judicial determinations."). The Court therefore concludes that the "proposed redactions are narrowly tailored" and strike an appropriate balance between the public interest in monitoring the judiciary and non-parties' privacy interests.[2] *Brower v. Acorn Advisors Grp. Holdings, LLP*, 2018 WL 11415533, at *3 (S.D.N.Y. Mar. 14, 2018).

## CONCLUSION

Plaintiff's motions to file certain exhibits with redactions, Dkt. Nos. 27, 31, are GRANTED.

The Clerk of Court is respectfully directed to close Dkt. Nos. 27 and 31.

SO ORDERED.

Dated: July 1, 2024
       New York, New York

LEWIS J. LIMAN<br>
United States District Judge

---

[2] The Court commends Plaintiff's swift and diligent compliance with the Court's prior Memorandum and Order.